[No. 1533.]

## GEORGE D. BLISS, RESPONDENT, v. GEORGE W. GRAYSON AND J. P. ANDERSON, APPELLANTS.

PRACTICE ON APPEAL—NOTICE OF APPEAL—ADVERSE PARTY—CODEFENDANT. One of several defendants who has filed a motion for new trial, based upon the joint statement of all the defendants, is not an adverse party, upon whom notice of appeal must be served on appeal by his codefendants from an order denying their motion for new trial, whether his separate motion is sustained or denied.

IDEM—IDEM—CODEFENDANTS DISMISSED. Upon an appeal from a judgment by two of several defendants, notice of appeal need not be served upon codefendants as to whom the action was dismissed, over the objection of appellants, before the judgment was rendered.

IDEM—IDEM—IDEM—WAIVER. Where notice of an intention by some of several defendants to move for a new trial is waived by a codefendant, by joining in the statement on such motion, neither he nor the plaintiff can complain, on an appeal from an order denying the motion for new trial, of the failure to serve such notice on the codefendant.

DISMISSAL OF CODEFENDANT—ORDER NOT BINDING UPON OBJECTION. An order dismissing, upon motion before judgment, some of several defendants, with the consent of some of their codefendants, and against the objection of others, is not binding upon the objecting defendants on appeal from the final judgment, though no appeal from the order of dismissal is taken.

DECISION—WHAT CONSTITUTES—FINDINGS AND CONCLUSION. In our civil practice act the decision is the announcement by the court of its judgment, and although based upon the settled facts of the case, such facts may never be reduced to writing, so as to constitute findings, within the meaning of that term, as used in the civil practice act.

PRACTICE ON APPEAL—ASSIGNMENT OF ERROR—SUFFICIENCY OF. Under sections 195 and 197 of the civil practice act, as amended by act of 1893, p. 89, providing that, when the notice of an intention to move for a new trial designates as a ground the insufficiency of the evidence, it shall be a sufficient assignment of error to specify that the verdict or judgment is not supported by the evidence or is contrary to the evidence, the sufficiency of the pleadings and errors appearing in the judgment roll may be considered on an appeal from an order denying a new trial. (BONNIFIELD, C. J., dissenting.)

ON REHEARING. Affirmed.

[For former opinion, see 24 Nev. 422.]

*Robert M. Clarke*, for Appellants.

*J. W. Dorsey* and *Wm. S. Bonnifield*, for Petitioner and Respondent:

I.   This court has no jurisdiction to hear the appeal of the

defendants, Grayson and Anderson, from the order denying
the motion for a new trial, because the defendants as to whom
the action was dismissed are adverse parties on the appeal.
This action was commenced on the 8th day of July, 1889,
against thirty defendants, including the appellants and
William Dunphy, now deceased. On the 12th day of June,
1898, the court rendered its decision, and gave judgment dis-
missing the action as against twenty-seven defendants, other
than the appellants, Grayson and Anderson, and the repre-
sentatives of William Dunphy, deceased. (*a*) The judg-
ment of dismissal recites that it is made pursuant to a
stipulation filed April 7, 1891. But if it were true that as
to the clients of James F. Dennis the dismissal was made on
his motion, it would be presumed that it was granted by the
consent of the plaintiff, it not appearing that he objected
thereto. (*Parker* v. *Altschul*, 68 Cal. 380, 381.) (*b*) The
judgment of dismissal must, in either view, be treated as
possessing all the elements of a judgment by consent with
respect to the plaintiff and the dismissed defendants, which
could not be reviewed, vacated or set aside, on appeal or motion
for a new trial, either by the plaintiff or the dismissed defend-
ants. (*Elder* v. *Ottawa First Nat. Bank*, 12 Kan. 238; *Chapin*
v. *Perrin*, 46 Mich. 130, 8 N. W. R. 721; *Estaté of Lorenz*, 124
Cal. 495, 497, 498; *Erlanger* v. *S. P. R. R. Co.*, 109 Cal. 395,
and cases there cited; *Omaha Co.* v. *Maxwell*, 38 Neb. 353,
360, 56 N. W. R. 1028, 1029; *Jackson* v. *Brown*, 82 Cal. 275,
278; *Harvey* v. *Bunker Hill Co.*, 2 Idaho, 372, 374, 375, 2 Pac.
Rep. 30, 31; *S. F. H. Assn.* v. *Porter*, 58 Cal. 81, 83; *Gillmore*
v. *American C. I. Co.*, 65 Cal. 63.)

II. (*c*) The appellants, and the representatives of Dun-
phy might have had the judgment of dismissal reviewed,
vacated or set aside; but not without previous notice to the
dismissed defendants. The right to a review of the judg-
ment by these parties was limited to an appeal from the judg-
ment on a bill of exceptions. (*Bacon* v. *Robson*, 53 Cal. 399,
400; *Foley* v. *Foley*, 120 Cal. 33; Gen. Stats. 3361.) Having
had an opportunity to prepare a record for an appeal from
the judgment of dismissal, and to appeal therefrom, they
could not have moved to vacate or set it aside. (*Pignaz* v.
*Burnett*, 119 Cal. 157; *Estate of Gregory*, 122 Cal. 483; *Kubli*

v. *Hawkett*, 89 Cal. 638.)    Without such opportunity they might have made such a motion, within the time prescribed by section 3090, Gen. Stats., and appealed from a denial thereof on a bill of exceptions. (*Pignaz* v. *Burnett*, 119 Cal. 157, 161–164, and cases there cited; *Miller* v. *Bate*, 56 Cal. 135; *Hardin* v. *Sinclair*, 115 Cal. 460, 462, 463.)

III.   (*d*) But the judgment of dismissal could not have been vacated or set aside on an *ex parte* motion.   Notice to the plaintiff as well as to the dismissed defendants would have been essential to the jurisdiction of the court. (*Greehn* v. *Marker*, 67 Cal. 364; *Wunderlin* v. *Cadogan*, 75 Cal. 617; *Hefflon* v. *Bowers*, 72 Cal. 270; *Harper* v. *Hildreth*, 99 Cal. 265; *Millikin* v. *Houghton*, 75 Cal. 539; *Toy* v. *S. F. & S. P. R. R. Co.*, 75 Cal. 542; *Estate of Medburry*, 48 Cal. 83; *Casey* v. *Oakes*, 42 Pac. Rep. 621, 13 Wash. St. 38; *Hendrickson* v. *Harvey*, 46 Pac. Rep. 1003, 4 Kan. App. 761.)

IV.   This court has no jurisdiction to hear the appeal because the Dunphys are adverse parties, and they were not served with the notice of appeal.   After the rendition of the judgment the representatives of William Dunphy, deceased, gave notice of their intention to move for a new trial upon the statutory grounds:   (1) Insufficiency of the evidence to justify the decision of the court; (2) errors of law occurring at the trial and excepted to at the time by the moving parties. The appellants, Grayson and Anderson, also gave a similar notice of intention based upon the same two grounds, and the additional ground:   That the decision of the court is against law.   Each notice was directed solely to the plaintiff and his attorneys, and was served on the plaintiff's attorney only, and on no one else.   Subsequently a joint statement on motion for a new trial was prepared, settled and allowed on behalf of the appellants, and the representatives of Dunphy.   Afterwards, by a stipulation in writing, filed in the cause (and in the record herein), signed by the attorneys for the plaintiff and for the parties who had given notice of intention, the motion for a new trial was submitted to the court for decision.   Thereafter, the court on December 11, 1897, made an order denying a new trial as follows (56 Pac. R. 233): (Title of court and cause.)   "The motion for a new trial in the above-entitled cause, coming on regularly

for hearing this day, Byron Waters, Esq., appearing for plaintiff, and Harry Warren, Esq., appearing for defendants Grayson and Anderson, the said motion having been duly submitted, the court being unable to discover any error in the judgment or proceedings in said cause; the motion for a new trial therein is denied, and new trial therein refused. December 11, 1897. A. L. Fitzgerald, District Judge." Notwithstanding there is no other order, in the record, denying a new trial, there is, in the record, a notice of appeal by the Dunphys from the judgment and from the order denying them a new trial.

V. (*a*) The order denying a new trial is general in its terms, and does not specifically deny the motion as to appellants only. It speaks of the motion, and that the motion for a new trial in the cause ("therein") is denied, and a new trial "therein" is refused. It does not characterize the motion as being that of the appellants only. (*b*) The mere form of the order denying the new trial does not warrant the conclusion that it was a denial as to the defendants Grayson and Anderson only. The recital that they appeared by attorney, the order being otherwise silent, is not evidence that the representatives of Dunphy did not appear to the motion. There is no provision of law requiring the order to show that the parties, either moving or opposing, appeared at the hearing of the motion. (*Green* v. *Swift,* 50 Cal. 454.) (*c*) Again, if it be the fact that the representatives of Dunphy did not appear at the hearing of the motion, it would not follow therefrom that the order is not broad enough to include a denial of their motion for a new trial as well as that of Grayson and Anderson. For a party, who has given notice of his intention to move for a new trial, does not, by failing to appear and present or argue his motion, waive or abandon the motion. (*State* v. *C. P. R. R. Co.,* 17 Nev. 259; Gen. Stats. 3220; *Shafer* v. *Hewitt,* 6 Col. App. 374, 41 Pac. Rep. 509, 510; *Burnham* v. *Spokane Merc. Co.,* 18 Wash. St. 207, 51 Pac. Rep. 363.) (*d*) The notice should, therefore, have been directed to and served upon the Dunphys. (*Hibernia Sav. & Loan Soc.* v. *Lewis,* 111 Cal. 519; *Williams* v. *Bergin,* 108 Cal. 166, 171; *San Bernardino Inv. Co.* v. *Merrill,* 108 Cal. 490, 494; *Senter* v. *DeBernal,* 38 Cal. 637; *Williams* v. *S.*

*C. Min. Assn.*, 66 Cal. 193; *Bullock* v. *Taylor*, 112 Cal. 147; *Estate of Scott*, 124 Cal. 671; *Sansom* v. *Sansom*, 64 Cal. 327; *Bullock* v. *Taylor*, 112 Cal. 147, 149–150.)

VI. (*e*) On an appeal by Grayson and Anderson, and the representatives of Dunphy, deceased, from the judgment of dismissal, the dismissed defendants would be adverse parties within the meaning of section 3353, Gen. Stats. A reversal of the judgment would relegate them to their original position as parties defendant before the dismissal, without an opportunity of being heard in support of the judgment which they would be interested in sustaining. (*Dick* v. *Bird*, 14 Nev. 161, 163–164; *Outcalt* v. *Collier*, 58 Pac. Rep. (Okl.) 643; *In re Castle Dome M. & G. Co.*, 79 Cal. 249; *Bullock* v. *Taylor*, 112 Cal. 147; *Pacific M. L. I. Co.* v. *Fisher*, 106 Cal. 224; *Gutierrez* v. *Hebbard*, 106 Cal. 167; *In re Clarke*, 76 N. W. R. (Minn.) 790; *Terry* v. *Superior Court*, 110 Cal. 85; *Thompson* v. *Ellsworth*, 1 Barb. Ch. 624; *Hiscock* v. *Phelps*, 2 Lans. 106, 118–119; *Cotes* v. *Carroll*, 28 How. Pr. 436, 446; *O'Kane* v. *Daly*, 63 Cal. 317.) The fact that one of the defendants has suffered a default is not of itself a reason for omitting to serve him with notice of appeal where his interests are adverse to a reversal or modification of the judgment or order appealed from. (*Lancaster* v. *Maxwell*, 103 Cal. 67; *Moody* v. *Miller*, 33 Pac. Rep. 402, 24 Or. 179.)

VII. (*f*) A judgment by consent is an entirety (*Union Pac. R. R. Co.* v. *McCarty*, 8 Kan. 126), and is in the nature of a contract between the parties thereto, so that it cannot be set aside where fraud or mistake is not shown. (*Jones* v. *Webb*, 8 S. C. 202; *Semple* v. *Wright*, 32 Cal. 659–668; *Anderson* v. *Carr*, 7, N. Y. Supp. Rep. 281; *Schmidt* v. *Oregon Gold M. Co.*, 28 Or. 9, 30 Pac. Rep. 406, 1014.) (*g*) Such judgment, although consented to by some of the defendants only, is binding on those objecting thereto who do not appeal therefrom within one year after its rendition. (Gen. Stats. 3352; *Clyburg* v. *Reynolds*, 9 S. E. R. 973, 979, 31 S. C. 91; *Fletcher* v. *Holmes*, 25 Ind. 458.) (*h*) The court was bound to render judgment upon the consent of the parties thereto, it being within its jurisdiction so to do. (*Coultes* v. *Green*, 43 Ill. 277.) (*i*) The consent by stipulation was merged in the judgment. (*Holmes* v. *Guion*, 44 Mo. 164.) (*j*) Since

the judgment of dismissal recites that it was rendered by stipulation, the recital makes it conclusive as a judgment by consent as between the parties thereto. (*Foote* v. *Richmond*, 42 Cal. 439; *Collins* v. *Loyal*, 56 Ala. 403; *Frank* v. *Brooke*, 4 Ill. 629; *Atkinson* v. *Manks*, 1 Cowen, 691; *Hannan* v. *Hemphill*, 7 Tex. 184.) (*k*) Such judgment cannot be set aside without the consent of the parties thereto. (*Perry* v. *Somerset R. R. Co.*, 89 Me. 552, 36 Atl. Rep. 904, 905; *Town of Bristol* v. *B. & W. Water Works*, 35 Atl. Rep. (R. I.) 884.)

VIII.  On an appeal from an order granting or denying a new trial, the court cannot consider or determine the nature, scope or sufficiency of the pleadings, or the theory of the case made thereby, or whether the judgment is supported by or is broader than the pleadings or facts found, or whether the conclusions of law flow from the facts found.  A motion for a new trial proceeds upon a record of its own, independent of, and in a proceeding collateral to, the record upon which the judgment depends; and the motion may be made or granted or denied before or after the entry of the judgment, or after the judgment has become final by failure to appeal, or by a dismissal on appeal therefrom, or by its affirmance on appeal. (*Roeder* v. *Stein*, 23 Nev. 92, 95, 42 Pac. Rep. 867, 868; *McDonald* v. *McConkey*, 57 Cal. 325, 326; *Rayner* v. *Jones*, 90 Cal. 78, 81; *Brooks* v. *Railway Co.*, 110 Cal. 173, 179; *Brison* v. *Brison*, 90 Cal. 323, 327–328; *Spanagel* v. *Dellinger*, 38 Cal. 278, 283, 284; *Thompson* v. *Patterson*, 54 Cal. 543, 546; *Fisher* v. *Emerson*, 15 Utah, 17, 22, 50 Pac. Rep. 619, 620; *Sheffield* v. *Mullin*, 28 Minn. 251, 253; *Bode* v. *Lee*, 102 Cal. 583; *Spanagel* v. *Dellinger*, 34 Cal. 476; *Fulton* v. *Hanna*, 40 Cal. 278; *Simpson* v. *Ogg*, 18 Nev. 28; *Tompkins* v. *Montgomery*, 123 Cal. 219; *In re Westerfield*, 96 Cal. 113; *Evans* v. *Paige*, 102 Cal. 132; *In re Redfield*, 116 Cal. 637; *Onderdonk* v. *San Francisco*, 75 Cal. 534; *Wheeler* v. *Kassabaum*, 76 Cal. 90; *Kelley* v. *Owens*, 30 Pac. Rep. 596; *Mason* v. *Austin*, 45 Cal. 387; Gen. Stats. 3216.)

IX.  In the present case the record consists of the statement of the case prepared after the trial.  On the argument of a motion for a new trial reference may be made to the pleadings (Stats. 1893, p. 89, amending sec. 3219, Gen. Stats.), but the "reference to the pleadings is for the purpose" stated

in *Bode* v. *Lee, supra,* p. 586.   (*S. P. Co.* v. *Superior Ct.,* 105
Cal. 84.)   "A new trial is a reëxamination of an issue of fact
in the same court, after a trial and decision by a jury, court
or referees" (Gen. Stats. 3216), and is authorized for the
purpose of vacating the former verdict or decision.   (Gen.
Stats. 3217.)   The "decision" which may be thus vacated is
that which was given upon the original trial on the questions
of fact, and upon which the judgment is to be entered.   The
provision that the judgment is to be entered "upon" the deci-
sion (Gen. Stats. 3204) implies that it is subsequent to but
dependent on the decision.   The judgment itself can be
reviewed only by a direct appeal (Gen. Stats. 3249) taken
after its rendition.   (Gen. Stats. 3352; *Brison* v. *Brison,* 90
Cal. 323; *Martin* v. *Matfield,* 49 Cal. 45; *In re Doyle,* 73 Cal.
571.)   It follows that as upon an appeal the court can only
review the action of the court below, it cannot consider—
upon an appeal from an order denying a motion for a new
trial—whether the findings are sufficient to sustain the judg-
ment, and that the examination of the evidence is limited to
a consideration of its sufficiency to sustain the findings of
fact.   (*Jacks* v. *Buell,* 47 Cal. 162; *Spanagel* v. *Dellinger,* 38
Cal. 283; *Taylor* v. *Hill,* 115 Cal. 147; *Hall* v. *Susskind,* 120
Cal. 559; *Jenkins* v. *Frink,* 30 Cal. 586; *Shepard* v. *McNeil,*
38 Cal. 72; Prac. Act, sec. 193.)   Section 193 of the practice
act referred to in the last case above cited is now section 657
of the code of civil procedure of California, similar to section
3217, Gen. Stats.   (*Roberts* v. *Eldred,* 73 Cal. 394.)

X.   The order denying a new trial should be affirmed
inasmuch as the lower court had no jurisdiction except to
deny the motion therefor, because of the want of parties
indispensable to the motion.   The notice of the intention of
the appellants was not directed to, or served on, the Dunphys,
nor was that of the latter directed to, or served on, the appel-
lants.   Each notice did not limit the scope of the motion or
the issues as to which the new trial would be sought.   The
order, appearing in the record, did not specially limit the
denial of a new trial as to any particular defendants, or to
any special issues.   The notice of the appellants contained a
ground of motion not found in that of the Dunphys.

XI.   (*a*) Since the notice in each case was directed to and

served only on plaintiff's attorneys, the appellants could have dismissed or abandoned their motion without being bound by any order of the court made on the motion of the Dunphys; or the latter could have dismissed or abandoned theirs without being affected by proceedings on behalf of appellants on their motion. And, if the construction of this honorable court, that the order appealed from affects only the appellants, should prevail, then the Dunphys may still abandon their motion by dismissing their appeal now pending in this court, and allowing the judgment to stand as against them. (*b*) On a motion therefor, general in terms, the *nisi prius* court may grant a new trial as to special issues, or as to particular parties. (*Lake* v. *Bender*, 18 Nev. 361; *Duff* v. *Duff*, 101. Cal. 1; *Boehmer* v. *Irr. Dist.*, 117 Cal. 19; *Jacob* v. *Carter*, 36 Pac. Rep. (Cal.) 381; *Cochrane* v. *Halsey*, 25 Minn. 52, 65.) In such case, however, the order should specify the particular issues as to which, or the parties as to whom, the new trial is granted. (*Mountain Co.* v. *Bryan*, 111 Cal. 36, 38; 14 Enc. Pl. & Pr. 936–937; *Bennett* v. *Closon*, 138 Ind. 1, 38 N. E. R. 46; *Merony* v. *McIntyre*, 82 N. C. 105; *Holmes* v. *Goodwin*, 71 N. C. 306.) The whole case must be reopened unless a partial trial can be had "without confusion resulting upon the retrial." (*Ramsdell* v. *Clarke*, 49 Pac. Rep. 591; 20 Mont. 103; *Benton* v. *Collins*, 34 S. E. R. (N. C.) 242; *Nathan* v. *Railway*, 118 N. C. 1066, 24 S. E. R. 511–512.) But, since the order of reversal is general, its operation is to remand the case for a new trial as to all the issues and as to all the parties as if no trial had ever been had. The whole case is thus reopened. (14 Enc. Pl. & Pr. 935–938; *Hidden* v. *Jordan*, 28 Cal. 301.) (*c*) The order of reversal, therefore, vacates the decision and judgment resting thereon. The case will stand in the lower court as it did before trial.

XII. We claim that the lower court had no jurisdiction— no power—to grant the motion made, because the notice of intention to move for a new trial was not served upon or directed to all the adverse parties. The complaint charges the defendant as joint tort feasors; the defendants answered separately, denying the allegations of the complaint. The issue was whether they jointly, or at all, diverted water to the use of which plaintiff was entitled; the decision finds

that they jointly committed and threatened to continue to commit the wrongful acts complained of under that issue and decision. The latter could not be changed without affecting the interests of all of the parties to it, and consequently the lower court was without power to grant or deny the motion without having them before it. This is precisely what was determined to be the law in *Herriman* v. *Menzies*, *supra*, and is fully approved in *United States* v. *Crooks*, 116 Cal. 43, 45; *In re Bullard*, 114 Cal. 464. We say that the Dunphys were adverse parties to the motion for a new trial, and that a failure to serve them with notice of intention was fatal to the motion, and that the order of the lower court should be accordingly affirmed. It may be that the Dunphys were wholly unconcerned in the premises, and again it may be that their condition would be greatly improved, or much worse, at the end of another trial. All this is immaterial. The fact is that their present condition, their legal status, may be changed, and therefore notice to them is absolutely jurisdictional. (*In re Castle Dome*, 79 Cal. 246, 249.)

XIII. We submit that this position is unanswerable. The complaint charges the defendants jointly, as joint wrongdoers; the decision finds against them jointly. Now, if it is contended that the evidence is insufficient to justify the decision upon this point—that the testimony shows that the diversions and obstructions complained of were made and maintained by the defendants severally, each acting separately and independently of the others—then each one of the defendants is interested in and affected by such decision, and it cannot be changed without altering the present condition, the legal status, of every one of such defendants. Whether the defendants acted jointly and wrongfully, or separately and rightfully, was an issue made by the pleadings and determined by the decision. The lower court had no power to reëxamine that issue without the presence of all of the parties affected thereby. There was no service of appellants' notice of intention upon the Dunphys, who were parties to that issue, and therefore the district court was absolutely without jurisdiction to grant the motion.

XIV. The judgment of dismissal, being the result of the

consent of both the plaintiff and the dismissed defendants, in which they acquiesced, and from which they do not seem yet to dissent, should not be vacated, either directly or indirectly, without giving the latter, at least, an opportunity to be heard on that question. (*Ferguson* v. *Smith*, 10 Kan. 394; *Forawan* v. *Ward*, 2 Kan. App. 739; *McCallep* v. *Hart*, 8 Mart. (N. S.) 155; *Standley* v. *H. & G. Mfg. Co.*, 55 Pac. Rep. 723; *Chapman* v. *Pocock*, 7 Colo. 204.)

ON PETITION FOR REHEARING.

By the Court, MASSEY, J.:

The petition for a rehearing, involving practically all the questions passed upon by the court, is both voluminous and exhaustive. We do not believe it is necessary to review all the matters contained therein, as we are satisfied that the rulings made are correct, but, as it is apparent from the petition that counsel has mistaken the facts of the record, and the effect of the decision, we will consider such matters set up in the petition as relate to the mistaken facts.

The arguments of counsel with reference to the effect and scope of the order denying appellants' motion for a new trial, and the authorities cited in support thereof, are not pertinent to the question presented in the record and decided by the court. We were not required by the record to determine whether the Dunphys, codefendants of the appellants, had abandoned their motion for a new trial, and we did not so decide. Neither was it necessary to even consider whether the record presented such a question. The record shows that the appellants and their codefendants, the Dunphys, interposed separate motions for a new trial based upon a joint statement of all the moving parties, and that the order of the court, for some reason not developed by the record, denied the motion of the appellants, and did not deny the motion of the Dunphys. To hold that the motion of the Dunphys had been denied by the order would require the interpolation of words not in the order, or that the language used in the order be given a meaning not authorized by any rule of construction. Concede, for the purpose of the argument, that the language used in the order would warrant the court in holding as counsel claim, then is respondent confronted with

the fact that the Dunphys have appealed therefrom upon the same record, seeking the same relief as was asked by the appellants. They are alike interested in the reversal of the order upon the same record. Their interests are identical, and do not conflict, and are not in any sense of the word adverse within the meaning of our statute.

Taking the record as it stands, the law clearly supports the decision of the court. The Supreme Court of California has held that the notice of appeal from an order denying a motion for a new trial need only be served *upon the parties to the motion in the court below.* (*Watson* v. *Sutro*, 77 Cal. 609.)

The same court has held that even on an appeal by one judgment defendant from a judgment perpetually enjoining the continuance of the trespass, and for damages, a motion to dismiss the appeal based upon the fact that the notice of appeal had not been served upon codefendants and parties to the judgment should not be sustained, the codefendants not being adverse parties within the meaning of the statute. (*Jackson* v. *Brown*, 82 Cal. 277.)

Under the showing in the record we are unable to perceive how, or in what manner, the affirmance or reversal of the order appealed from can affect the interest of the Dunphys in this controversy. It will not enlarge their liabilities or increase their burdens under the decree, neither will it change their rights under the pleadings and issues.

The claim that the notice of appeal should have been served upon the defendants as to whom the action was dismissed is equally untenable. They were dismissed upon motion by order of the court at the time the decision was rendered over the objection of the appellants. Counsel assumes in his argument that in the action of the court dismissing these defendants no other persons than the dismissed defendants could be affected in their rights. They are not parties to the decision and judgment of the court. Their interests are not determined by the decision and judgment of the court or by the order of the court denying the appellants' motion for a new trial. The order denying the motion for a new trial and the judgment do not affect or change their rights or interests in any manner. If their interests can at all be affected, it will be only after they have been properly brought

into court and after a hearing had. Under a statute in Indiana, requiring that upon an appeal by one or several parties, notice of appeal must be served upon "all the other coparties;" it was held by the supreme court of that state, on motion to dismiss an appeal where coparties had not all been served, that this requirement of the law applied to those coparties only who were parties to the judgment. (*Lowe* v. *Turpie*, 37 L. A. R. (Ind.) 245; *Alexander* v. *Gill*, 130 Ind. 485; *Koons* v. *Mellett*, 121 Ind. 585.)

In the State of Kansas, under a statute requiring service upon the "adverse" party, it has been held to the same effect. The Supreme Court of Oklahoma, under a code of civil procedure copied from the code of Kansas, has held to the same effect, and an exhaustive review of the rule prevailing in Kansas, and in that territory, will be found in the opinion of that court in *Board of Commissioners of Logan County* v. *Harvey*, 49 Pac. 1006.

In addition to what has already been said, we cannot understand by what rule of practice, statutory or otherwise, prevailing in this state, it could be successfully claimed or maintained that the service of the notice of intention to move for a new trial, or the service of the notice of appeal upon a person not a party to the judgment and the action at the time of such service, would confer jurisdiction upon the trial or appellate court over such person so as to enable either to determine any matter presented by the motion for a new trial, or in any manner make any order or judgment affecting the rights of such person by which he would be bound. Neither are we able to understand, as applying to the further claim of the respondent in his petition, under what rule of law prevailing in this state could it be maintained that the reversal of the order denying the motion for a new trial would operate to restore parties to the action who are not parties to the judgment, and who were not parties to the action at the time the motion was interposed and the order denied.

Neither do we know of any rule of law prevailing in this state that would compel a person not a party to an action or judgment to come into the trial court and be heard under such service of notice of motion or notice of appeal, or, on failure

so to do, bar him of a hearing as to the matters determined in the case. These defendants, dismissed by the action of the court, before judgment, and before the motion for a new trial was interposed, are as much strangers to the record as they would be had they never been served.

It is further claimed in the petition that the failure of the appellants to serve the Dunphys, their codefendants, with notice of intention to move for a new trial warrants this court in dismissing the appeal. This question is not new so far as this court is concerned, and has been directly passed upon by the Supreme Court of California. In *Watson* v. *Sutro, supra,* it was held, in effect, that if the notice of intention to move for a new trial was not served on all the proper parties, the matter is one for consideration on the hearing of the appeal and is not ground for dismissal. Conceding, for the argument, that the Dunphys should have been served with a notice of intention to move for a new trial, the respondent cannot complain of such failure, nor can the Dunphys, as they waived such service by joining in the statement on motion for a new trial. That such service could be waived, or the notice itself waived, is amply supported by authority. (*Dominguez* v. *Mascotti,* 74 Cal. 269; *Beck* v. *Thompson,* 22 Nev. 109.)

The further claim is made that it appearing that the order of dismissal had been consented to by some of the defendants, it is binding on those objecting thereto, they not having appealed therefrom within the statutory time. It is not necessary to discuss the question whether or not the order of dismissal is appealable under our statute. The order was made upon motion before judgment. The appeal is not from the judgment and the order of dismissal. The cases cited in support of respondent's contention contain, we presume, the correct rule of law to be applied in a proper case, but there is a plain and clear distinction between the cases cited and the case at bar. A brief review of some of the cases cited will readily make this distinction clear.

In *U. P. Railway Company* v. *McCarthy,* 8 Kan. 126, it was sought in an action brought upon the judgment, under an answer of general denial, to review alleged errors in the judgment sued upon, and the court held that such errors

could not be reviewed in the action—that, where it appeared that the trial court had jurisdiction of the subject matter and of the parties, its judgment was final and conclusive.

Regarding the case of *Clyburn* v. *Reynolds*, 9 S. E. Rep. 973, it is sufficient to say that the court there held that a decree recited to be by the consent of the "defendants' solicitors" will be presumed to have been consented to only by those defendants who have appeared in the suit.

In the case at bar the consent of the appellants to the order of dismissal is directly negatived by the record. It was made over and against their objections without their consent.

A quotation from the opinion in *Fletcher* v. *Holmes*, 25 Ind. 463, will sufficiently distinguish that case: " We can conceive of no reason why a judgment entered by agreement by a court of general jurisdiction having power in a proper case to render such a judgment, and having the parties before it, should not bind those by whose agreement it is entered, notwithstanding the pleadings would not, in a contested case, authorize such a judgment."

It is not necessary to discuss further the cases cited, as we think it sufficiently appears that they have no application whatever to the case at bar, however forceful the rules may have been in the cases decided.

The further contention of the respondent, relating to the matters that can properly be considered and determined under an appeal from an order denying a motion for a new trial, is not in all respects an open one, and has, to some extent, been considered and passed upon by this court.

The notice of intention to move for a new trial recites, among other matters, the insufficiency of the evidence to justify the decision of the court; the insufficiency of the evidence to justify the findings, or any of the findings, made by the court; that the decision of the court is against the law, and that the judgment and decree are against the law. The assignment of errors, found in the record on pages 1353 to 1361 covering these grounds, upon which the motion is based, are full and explicit, setting out, in some instances, the particular point of the alleged errors. The decision of the court, rendered on the 12th day of June, 1896, and recited as hav-

ing been entered in the minutes of the court, is found in the statement on motion for a new trial on pages 1 to 5, inclusive, and shows the determination of the facts and law by the court in precise and exact terms. The written findings of fact and conclusions of law were filed on the 17th day of August, 1896, and are found in the statement on motion for a new trial, on pages 6 to 15, inclusive. The judgment and decree ordered are found in the statement, on pages 16 to 20, inclusive. The order dismissing Blossom, *et al.*, from the action is also found in the minutes of the court set out in the statement on motion for a new trial of the date on which the decision was rendered.

The respondent cites a number of decisions of the Supreme Court of California to the effect that, on an appeal from an order denying a motion for a new trial, the appellate court will not consider, and has no power to consider, the sufficiency of the pleadings or errors appearing in the judgment roll. It is not necessary to say what the rule should be in the cases cited, as those questions are not in this case and were not decided by this court. This court will, in such appeal, as do the courts of California, examine the pleadings to ascertain what the issues were with reference to the decision announced by the court. Upon some of the questions of practice in proceedings of this character, under our statute regulating the practice in appeals from orders denying a motion for a new trial, the decisions of this court are not, or seem not to be, in harmony with the rules announced by the decisions of the Supreme Court of California; and we must, in all cases where there is, or seems to be, a conflict in decision between this court and the courts of other states, follow the rule announced by this court. Under subdivision 4 of section 659 of the code of civil procedure of California, found in Deering's Annotated Code, the court of that state has given a meaning to the word "decision," used therein, as the facts found and conclusions of law provided for in section 633 of the same act. (*Covney* v. *Hale*, 49 Cal. 555; *Dominguez* v. *Mascotti*, 74 Cal. 269.)

This court has given a different meaning to the same word used in the same connection. It is said by the court: "The decision is the announcement by the court of its judgment,

and, although based upon the settled facts of the case, such facts may never be reduced to writing so as to constitute findings within the meaning of that term as used in the civil practice act." (*Elder* v. *Frevert,* 18 Nev. 283.)

The above rule was followed and approved by this court in *Robinson* v. *Benson,* 19 Nev. 331, also in the recent case of *Robinson* v. *Kind,* 25 Nev. 261, 59 Pac. 863.

Further, an examination of the provisions of our statutes regulating the practice in matters of this character will, as we believe, conclusively show that the decision of this case upon a former hearing is clearly within its scope and authority, and against the claim of the respondent. We are also of the opinion that the rule has been declared by this court against respondent's contention. By subdivision 6 of section 195 of our statutes (Gen. Stats. 3217) it is provided that the former verdict or *other decision* may be vacated and a new trial granted for the insufficiency of the evidence to justify the verdict or *other decision,* or that it is against the law. Section 197 of the same act, providing the method of procedure for the presentation of questions to the trial and appellate courts, under a motion for a new trial, as amended in 1893 (Stats. 1893, p. 89), requires, among other matters, that " when the notice designates, as a ground upon which the motion will be made, the insufficiency of the evidence to justify the verdict or other decision, it shall be a sufficient assignment of error to specify that the verdict of the jury, or the decision, or judgment, or decree of the court, is not supported by the evidence, or is contrary to the evidence. In such case, where it appears that the evidence taken all together does not support the verdict, or decision, or judgment, or decree of the court, a new trial shall be granted, or upon appeal the case shall be reversed without regard to whether there are express findings upon all the issues, or whether the specifications particularly point out the finding or findings, either express or implied, that are not supported by the evidence, or are contrary thereto."

The language used as quoted in this section is clear; it cannot be misunderstood. It is broad, and, taken in connection with the language used in subdivision 6 of section 195, above referred to, defines explicitly the meaning of the words

"other decision" used therein. If this amended section means anything, it means that under a specification provided for in said subdivision 6, to the effect that the evidence is insufficient to justify the decision and is against the law, under a proper record on motion for a new trial and from an order denying the same, the appellate court is authorized to inquire into the evidence for the purpose of ascertaining whether the decision, as defined in *Elder* v. *Frevert, supra,* or the judgment, or decree of the court, is not supported by the evidence, or is against the law. This is the rule of our written law in direct terms, and it is not necessary to enter into a review or discussion of the decisions of the courts of other states having, perhaps, statutes using different language and intended to provide a different method of procedure. Even before the amendment to section 197 became the law, this court held that, under the assignment or specification designated in subdivision 6 of said section 195, the court would decide whether the findings sustained the judgment on an appeal from an order denying a motion for a new trial, and that the action of the trial court in this respect was properly reviewable thereunder. (*Barnes* v. *Sabron,* 10 Nev. 248.)

This decision was made before the amendment referred to was passed, and the rule was quoted with approval in *Marshall* v. *Golden Fleece M. Co.,* 16 Nev. 173. It is safe, therefore, to conclude that the tendency of this court to construe liberally "other decision," as used in section 195, was followed by the legislature in its amendment to section 197 of the same act.

Having considered all those points in the petition that seem to possess merit, and believing that the former decision is correct, the application for a rehearing will be denied.

BELKNAP, J.: I concur.

BONNIFIELD, C. J., dissenting:

For the reasons given in the dissenting opinion on the hearing, I think the appeal should be dismissed.