# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## APRIL TERM, 1921

[No. 2448]

PACIFIC LIVE STOCK COMPANY (A CORPORATION), RESPONDENT, *v.* ELLISON RANCHING COMPANY (A CORPORATION), ET AL., DEFENDANTS; LIZZIE J. ANDERSON DUNN, ET AL., APPELLANTS.

[192 Pac. 262]

1. APPEAL AND ERROR—BURDEN ON MOVANT FOR DISMISSAL TO SHOW PARTY NOT SERVED WAS ADVERSE.

The burden is on a party moving to dismiss an appeal on ground that an adverse party was not served to show from the record that the party not served was adverse.

2. APPEAL AND ERROR—"ADVERSE PARTY" ONE WHO WOULD BE AFFECTED BY DECISION.

The general test for determining who are adverse parties, within the meaning of those statutes concerning notices of appeal, is whether or not such parties would be affected by a modification or reversal of the decision.

3. APPEAL AND ERROR—MOTION TO DISMISS FOR FAILURE TO SERVE ADVERSE PARTY HELD TO BE DECIDED WHEN CASE IS PRESENTED ON MERITS.

Where action on a motion to dismiss an appeal on ground that adverse parties were not served with notices of appeal necessitates careful examination of the record, and incidentally the merits of the appeal, it will be ordered that the motion stand over, to be heard and decided when the case is presented on its merits.

APPEAL from Sixth Judicial District Court, Humboldt County; E. J. L. *Taber,* Judge.

Action by the Pacific Live Stock Company against the Ellison Ranching Company and others. From an adverse judgment and orders, defendant and cross-complainant Lizzie J. Anderson Dunn and others appeal. On motions to dismiss appeals and to affirm certain orders, without reference to the merits of the case: **Ordered that respective motions stand over to be heard when case is presented on merits.** (DUCKER, J., not participating.)

*J. W. Dorsey* and *W. E. Cashman,* for Appellants:

While we are convinced that these technical motions of respondent must be denied, we have reluctantly concluded that they cannot now be passed upon. Their settlement will require an examination of the whole record, and will involve a determination of the merits of the appeals. Therefore, the questions at issue cannot be heard until the merits of the appeals are formally presented by counsel.

Appellants' notice of intention to move for a new trial was made, served upon the persons, and filed within the time and in the manner required by law. Rev. Laws, 5323. The right of appeal is a valuable one (People v. Cadman, 57 Cal. 562), granted by the constitution. It is remedial in character, and must therefore be liberally construed, and must always be granted in doubtful cases. Appeal of Houghton, 42 Cal. 35; Quint v. McMullen, 103 Cal. 381; Smith v. Duff, 39 Mont. 378.

On an appeal from an order denying a new trial, only the parties to the motion upon which the order was made are necessary parties to the appeal. The state of the record, at the time the notice of intention to move for a new trial could have been made, determined who should be served as adverse parties. Rev. Laws, 5321. Only those who were parties to the motion upon which the order of denial was based are necessary parties to the appeal. Niles v. Gonzales, 152 Cal. 90; Herriman v. Menzies, 115 Cal. 16.

It is not material to whom the notice of appeal

was directed. "All that the statute requires is that the notice be served upon the adverse parties." Douglas v. Thompson, 35 Nev. 196; Bliss v. Grayson, 24 Nev. 422.

While a failure to serve the adverse party with a notice of intention to move for a new trial may be a reason for denying the motion, and may upon appeal, if such service was necessary, be a ground for affirming or reversing the order appealed from, it does not deprive the supreme court of jurisdiction to hear the appeal, or constitute a ground for its dismissal. In Re Bullard, 114 Cal. 462; In Re Ryer, 110 Cal. 556; Herriman v. Menzies, supra; Whittenbrock v. Bellner, 62 Cal. 558.

Motion to dismiss for failure to serve adverse parties cannot be entertained prior to hearing on the merits. Estate of Young, 149 Cal. 173; McMahon v. Thompson, 14 Cal. 588; Johnson v. Phœnix Ins. Co., 146 Cal. 571.

Whether a party is adverse is to be determined from his position on the record, considering the pleadings and the nature of the action. Harper v. Hilderth, 99 Cal. 265; In Re Ryer, supra; French v. McCarthy, 110 Cal. 12.

"We must look to the record, and that alone, for the purpose of determining the question as to who were adverse parties." O'Rourke v. O'Rourke, 8 Cal. App. 263. "The burden is upon the respondent moving to dismiss an appeal for want of service upon adverse party to show from the record that the party not served was adverse in interest. Only parties who appear from the record to be adverse need be served." Niles v. Gonzales, supra.

*Edward F. Treadwell,* for Respondent:

The appeal from the judgment should be dismissed because not served upon the adverse parties, and from the order denying the motion to correct the findings because not served upon the adverse parties and because it is not an appealable order. The appeal from the order denying the motion for a new trial should be dismissed because not served on the adverse parties. The motion

for new trial should be affirmed without reference to the merits because not served on the adverse parties, and because not served and filed within ten days after notice of decision, and the order denying changes in the findings should be affirmed without reference to the merits because not served on the adverse parties, and because not served and filed until after final judgment.

All the defendants who filed answers were adverse parties and entitled to notice of motion for new trial and notice of appeal. Defaulting defendants were also entitled to notice of appeal. Rev. Laws, 5323, 5330; Johnson v. Phœnix Ins. Co., 146 Cal. 571, 152 Cal. 196; Niles v. Gonzales, 152 Cal. 90, 155 Cal. 359; Herriman v. Menzies, 115 Cal. 25.

The requirement that notice of motion for new trial and notice of appeal be served upon the adverse parties is jurisdictional. Failure to so serve is fatal to the right of review. Dick v. Bird, 14 Nev. 161.

"Adverse parties are those who, by the record, appeared to be interested in the judgment, so that they will be affected by its reversal or modification." Terry v. Superior Court, 110 Cal. 85; Senter v. DeBernal, 38 Cal. 637. In determining who are adverse parties, the position of the parties as plaintiffs or defendants is entirely immaterial. Nelson Bennett Co. v. Twin Falls Land Co., 13 Idaho, 762; Butte County v. Boydstun, 68 Cal. 189; United States v. Crooks, 116 Cal. 43; Milliken v. Houghton, 75 Cal. 539.

The fact that each defendant did not file a cross-complaint against each other defendant is entirely immaterial in determining who are adverse parties within the meaning of the statute. Senter v. DeBernal, supra; Bliss v. Grayson, 24 Nev. 422.

By the Court, SANDERS, J.:

The respondent commenced an action in the year 1907, in the district court of Humboldt County, to quiet its title by appropriations of 100 cubic feet of water per second, with a priority as of the year 1872, and 25 cubic

feet of water per second, with a priority as of the year 1901, in and to the water of Quin River, against numerous defendants, made up of individuals, copartnerships, corporations, and trustees, and to enjoin the defendants, and each of them, from interfering with its water rights.

The appearances in the case show some of the defendants disclaimed, four defaulted, and others answered, denying generally the rights of plaintiff, and setting up in themselves certain water rights in and to the waters of Quin River. One of the defendants, Lizzie J. Anderson Dunn, cross-complained against plaintiff, and also against one of the codefendants, Ellison Ranching Company. The defendant Ellison Ranching Company cross-complained against plaintiff, and also against a large number of the defendants, including Lizzie J. Anderson Dunn.

The decision of the trial court was actually rendered and filed on the 6th day of January, 1919. The decision purports to establish the priorities and relative rights of plaintiff and each answering defendant, except four specifying in detail the numbers of second-feet of water appropriated by the parties in and to the water of Quin River and its tributaries. The defendant Lizzie J. Anderson Dunn appeals to this court from specified parts of the decree, and from the order denying appellants' motion for a new trial. She also appeals from an order of the district court denying and overruling her motion to change or modify its findings. Her notices of appeal were actually served upon the plaintiff and the defendant and cross-complainant Ellison Ranching Company, but not upon any or either of the codefendants.

1. The respondent now moves to dismiss the several appeals, upon the ground, among others, that the notices of appeals were not served upon the adverse parties. The burden is upon the party moving to dismiss the appeal to show from the record that a party not served was adverse. Niles v. Gonzales, 152 Cal. 90, 92 Pac. 74; Potrero L. Co. v. All Persons, etc., 155 Cal. 372, 101 Pac. 12.

2.  The general test of determining who are adverse parties, within the meaning of our statute concerning notices of appeal, is whether or not such parties would be affected by a modification or reversal of the decision. Bliss v. Grayson, 25 Nev. 329, 59 Pac. 888; Kenney v. Parks, 120 Cal. 24, 52 Pac. 40; Mannix v. Tyron, 152 Cal. 31, 91 Pac. 983.

3.  The determination of the questions whether or not the defaulting and answering codefendants in this case are adverse parties, who should have been served with notices of the appeals, and whether or not, as between appellants and respondent, the decree can be reversed, or the findings as made and entered changed, without affecting the rights of the codefendants in and to the waters of Quin River and its tributaries, as adjudicated and determined by the decree, necessitates careful examination of the record, and, we think, incidentally, the merits of the appeals. The same is true of the motion to affirm the orders denying appellants' motion for a new trial, and to change or modify the findings.

It is the better practice in such cases that an examination of the record should not be made in advance of the hearing upon the merits, but may be urged at the time of such hearing. This is the practice long established by the Supreme Court of California, whose procedure in such cases is not unlike that of ours. Quist v. Michæl, 153 Cal. 365, 95 Pac. 658.

It is ordered, therefore, that the respective motions stand over, to be renewed, heard, and decided when the case is presented upon its merits.